Gene Carroll **BROWN**, Plaintiff-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Defendant-Appellee.

No. 28468.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 30, 1970.

Gene Carroll Brown, pro se.

Crawford C. Martin, Atty. Gen., State of Texas, Charles T. Rose, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

 Gene Carroll Brown appeals from the district court's denial of his petition for a writ of habeas corpus. We affirm.[1]

Brown was convicted by a jury of murder with malice for shooting another man with a pistol. The judgment was affirmed upon direct appeal. Brown v. State, 1962, 172 Tex.Cr.R. 229, 355 S.W. 2d 718. Other state post-conviction remedies were exhausted in compliance with the provisions of 28 U.S.C.A. § 2254.

Brown's sole contention is that the trial court reversibly erred in admitting ballistic and other evidence of the murder weapon which was found in his automobile from two to three hours after his arrest. The gun itself was not admitted in evidence, although it was marked as an exhibit for the state.

The district court held that, assuming the admission of evidence concerning the gun was error, it was harmless beyond a reasonable doubt, citing Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. At the trial, as noted by the district court, three eyewitnesses testified to the facts of the shooting and positively identified Brown as the perpetrator. Brown testified in his own behalf at the trial, admitting that he owned the gun in question and that he shot the deceased, but claiming that he did so in self-defense.

It would be difficult to imagine a clearer case of harmless error. Brown

pled not guilty, claiming self-defense. The pistol and related evidence were completely irrelevant to that defense and he could not have been prejudiced by their use. Moreover, there is no persuasive power in petitioner's argument that he would not have taken the witness stand in support of his claim of self-defense if the questioned evidence had not been used at trial. Three eyewitnesses to the fatal shooting needed no ballistic bolstering to fix the eye of guilt upon the petitioner. We therefore see no possibility that the evidence complained of might have contributed to Brown's conviction. Fahy v. Connecticut, 1963, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171. Agreeing with the district court that the error, if any, was harmless beyond a reasonable doubt, the decision of that court is affirmed.

Affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.